JOSEPH ADELARD PARADIS vs. MAXIME BEAULIEU.

Androscoggin.    Opinion March 15, 1921.

*How far, an officer having made an arrest, may go in his search of the person of the respondent and his removal from the person, the possession of personal effects, is a question of fact for the jury depending upon the law, the facts and circumstances of the particular case, in which, the alleged search and justification are involved.*

This is an action for assault and battery. The plaintiff recovered a verdict of one hundred dollars and the case comes before the Law Court on the defendant's motion for a new trial.

The defendant pleads the general issue and justifies under the following brief statement:—That the defendant was a duly qualified officer of the police department of the city of Lewiston. That by virtue of his authority as such officer, he arrested the plaintiff for the crime of intoxication and searched him. That the plaintiff resisted and assaulted the defendant while making the search, and that the defendant used only so much force as was reasonably necessary to make the search.

To the above plea, the plaintiff replied denying the right of the defendant under the facts and circumstances of the case to search the plaintiff's watch pocket for the purpose of taking his money. Upon this issue is raised a question of law and fact.

How far, an officer having made an arrest, may go in his search of the person of the respondent and his removal from the person, the possession of personal effects, is a question of fact for the jury depending upon the law, the facts and circumstances of the particular case, in which, the alleged search and justification are involved.

In the absence of any exceptions to the charge, the presumption is, that the questions of law and fact are properly presented to the jury.

Accordingly, in the present case, we are unable to discover any ground upon which the defendant can complain of the verdict rendered.

The facts show that the plaintiff was charged with intoxication and that his money could not reasonably be regarded as any fruits of his crime or instrument through which it was committed; that he was well known to the defendant, there was no need to search for purposes of identification; that he could not have anything on his person with which he might effect an escape, because both his arms were cut off; that there was no necessity, in view of his physical condition to search the plaintiff for weapons, with which he could injure himself, a fellow prisoner or the officer.

Upon the presumption, that the jury was properly instructed in the rules of law applicable to the case, the verdict cannot be regarded as erroneous.

On motion by defendant for new trial. This is an action for assault and battery. The plaintiff recovered a verdict of one hundred dollars. The defendant plead the general issue and a brief statement of justification. Motion overruled.

The case is fully stated in the opinion.

*Clifford & Clifford,* for plaintiff.

*Ralph W. Crockett,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

SPEAR, J. This is an action for assault and battery. The plaintiff recovered a verdict of one hundred dollars and the case comes before the Law Court on the defendant's motion for a new trial.

The defendant pleads the general issue and justifies under the following brief statement:—

"On the day mentioned in the plaintiff's writ, to wit, the eighth day of August, 1919, the defendant was and for a long time prior thereto had been, and still is, a duly chosen and duly qualified constable of said city of Lewiston, and a duly appointed and duly qualified inspector on the police department of said Lewiston; that on the said eighth day of August by virtue of his authority as such constable and inspector he arrested the plaintiff in said Lewiston for the crime of intoxication and searched him; that the plaintiff did then and there resist and assault said defendant while making said arrest and search, and that the said defendant used only so much force in making such arrest and search as was reasonably necessary, which was the alleged assault."

To the above plea, the plaintiff replied, first, raising the question of whether the plaintiff was intoxicated; second, under the facts and circumstances of the case, the right of the defendant to search the plaintiff's watch pocket for the purpose of taking his money; third, the use of excessive force in conducting the search.

The evidence clearly shows that the assault alleged to have been made by the respondent, while he was under arrest, upon the officer was in resistance to the attempt and the consummated purpose of the officer to take the respondent's money from his watch pocket.

To resist this assault of the respondent, the officer claimed the right to use such a degree of force as was reasonably necessary to overcome the prisoner, and that, therefore, the force thus used

could not be called excessive, though of sufficient violence to enable him to complete his search and to take the respondent's money.

Upon this issue, is raised a question of law and fact: Had the officer under the facts in this case, in his search of the respondent's person, the right to take from him the possession of his money? If he had, then, the officer had the right to use sufficient force to accomplish his purpose. If he had not, then, the respondent was justified in making resistance and the use of force by the officer to overcome such resistance would be unjustified and excessive, and render the officer a trespasser ab initio.

How far an officer, having made an arrest, may go in his search of the person of the respondent and his removal, from the person, of the possession of personal effects, is a question of fact for the jury depending upon the law, the facts and circumstances of the particular case, in which the alleged search and justification are involved.

In the absence of any exceptions to the charge, the presumption is, that the questions of law and fact were properly presented to the jury.

Accordingly, in the present case, we are unable to discover any ground, upon which the defendant can complain of the verdict rendered.

The facts show that the plaintiff was charged with intoxication and that his money could not reasonably be regarded as "any fruits of his crime" or instrument through which it was committed; that he was well known to the defendant, and there was no need to search for purposes of identification; that he could not have anything on his person with which he might effect an escape, because both his arms were cut off; that there was no necessity, in view of his physical condition, to search the plaintiff for weapons, with which, he could injure himself, a fellow prisoner or the officer.

Upon the presumption, that the jury was properly instructed in the rules of law applicable to the case, the verdict cannot be regarded as erroneous.

*Motion overruled.*